## FRANK M. EDDY

### *v.*

## THE PEOPLE *ex rel.* Joseph F. Nolen, Collector.

*Filed at Mt. Vernon January 26, 1889.*

1. MUNICIPAL SUBSCRIPTION AND BONDS—*original conditions not to be changed.* A subscription by a city to the capital stock of a railway company prior to the time the constitution of 1870 took effect, is subject to the conditions upon which the same was voted by the people of such city.

2. In 1869 the legal voters of a city voted in favor of a subscription of $25,000 to the capital stock of a railway company, on condition that the same should be paid in city bonds at par, to be delivered to the company when the railroad should be completed to another road and a train of cars had run thereon, and also upon the condition that said railroad should be completed within the county on or before October 1, 1870, otherwise the subscription to be void. On September 21, 1870, the city council made an order changing the time for the completion of the railroad within the county, and extending it to January 1, 1871,—and this was done without any vote of the people. The road was not completed by October 1, 1870, and the bonds were issued in February, 1872: *Held,* that the bonds were issued in violation of the condition upon which they were voted, and were therefore void, no matter in whose hands they may have come, and that a tax levied to pay interest thereon could not be collected by law.

3. After the present constitution took effect, a city or municipal corporation had no power to make any new contract in respect to a corporate subscription in aid of a railway company, or to waive any condition upon which such subscription was voted before that constitution was adopted, or extend the time for the performance of a material condition.

4. SAME—*burden of proof as to its validity.* Where bonds of a city are issued since the present constitution took effect, in payment of a subscription in aid of a railway company, under a vote of the people had before that time, the burden rests upon those affirming the validity of the bonds to show that they were lawfully issued, pursuant to a vote of the people.

APPEAL from the County Court of Gallatin county; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Mr. CARL ROEDEL, for the appellant:

Obligations of municipal corporations for subscriptions to railway companies, made prior to July 2, 1870, can not be enlarged or materially changed, either by the people or the corporate authorities. *Middleport* v. *Insurance Co.* 82 Ill. 562.

The conditions upon which the bonds were voted not having been complied with, the bonds are void, even in the hands of innocent purchasers. *Schæffer* v. *Bonham*, 95 Ill. 368; *Richeson* v. *People*, 115 id. 450.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This appeal is from a judgment of the county court of Gallatin county, against a city lot, for delinquent taxes, for the payment of the interest claimed to be due upon bonds issued by the city of Shawneetown in aid of a subscription to the capital stock of the St. Louis and Southeastern Railway Company.

The question whether the city of Shawneetown should subscribe for $25,000 of the capital stock of the St. Louis and Southeastern Railway Company upon these conditions, namely: "First, subscription to be for $25,000 of the stock of said company, payable in bonds at par, and bearing eight per cent interest, payable semi-annually; second, said bonds to be delivered to said company when said railway should be completed to the Illinois Central railroad, and a train of cars have run thereon; third, said railroad to be completed in Gallatin county on or before the 1st of October, 1870, or the subscription to be void,"—was submitted to the decision of the legal voters of the city of Shawneetown at an election held for that purpose on the 26th of July, 1869, and was decided in the affirmative by a majority of the votes cast at that election. The subscription was thereafter made, subject to the conditions. On the 21st of September, 1870, the city council of the city of Shawneetown adopted an order changing the time for the completion of the railway in Gallatin county, and extending it until the 1st of January, 1871.

The bonds were issued in February, 1872, and thus, having been issued since the present constitution took effect, (which was July 2, 1870,) the burden is upon those affirming their validity, to show that they were lawfully issued, pursuant to a vote of the people had before that time.  *Town of Prairie* v. *Lloyd*, 97 Ill. 179.

When the election authorizing the issue of these bonds was held, it was competent for the city to prescribe the conditions upon which its subscription should be made, and bonds issued in aid of such subscription are not valid and binding until the condition shall be complied with.  (See sec. 18, chap. 113, 2 Starr & Curtis, p. 1886.)   And this invalidity will accompany them into whosesoever hands they shall pass.  *(Town of Eagle* v. *Kohn et al.* 84 Ill. 292.)   The time when the railroad should be completed in Gallatin county was a material part of the contract of subscription.   The people of the city of Shawneetown never gave their consent, at an election held for that purpose, to extend the time for the completion of the railroad in Gallatin county beyond the 1st of October, 1870; and after the 2d of July, 1870, power was denied the city to make any new contract (and this includes changes and modifications of existing contracts) in regard to subscriptions to railroad companies.  *Richeson* v. *People ex rel.* 115 Ill. 450; *Schaeffer et al.* v. *Bonham et al.* 95 id. 368.

Since, therefore, it does not here appear that the railroad was completed in Gallatin county before the 1st of October, 1870, but the clear inference is that it was completed after that time, there was no authority of law to issue the bonds, and having been issued without authority of law, the taxpayers owe no duty to pay them, or any interest thereupon.

The judgment of the county court is reversed.

*Judgment reversed.*